IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10–09–H–CCL |
| | CV 16-54-H-CCL |
| Plaintiff, | |
| | |
| vs. | ORDER |
| | |
| WILLIAM MICHAEL LAPP, JR., | |
| | |
| Defendant. | |

Before the Court is Defendant- Movant William Lapp's "Motion To

Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255." (ECF No. 40.)

The Ninth Circuit Court of Appeals granted leave to file this successive petition.

(ECF No. 42.) Briefing on the issue has been completed, and the Court is

prepared to rule.

Background:

Defendant Lapp specialized in closing-time robberies in small Montana

casinos, apparently in order to take advantage of the lone female attendants working in those casinos at closing time. Just prior to two of the robberies, Lapp presented his driver's license to the attendant in order to purchase alcohol. Three of the attendants positively identified Lapp from a photo lineup. He showed all four attendants his .357 Ruger revolver. One attendant specifically asked Lapp not to kill her. Lapp told another attendant that he did not want to hurt her, but he would if he had to. At the conclusion of the first robbery, Lapp forced the lone attendant out into the alley behind the casino, and he followed her out, so the attendant was afraid Lapp was going to shoot her. At the conclusion of the other three robberies, Lapp forced the lone attendant into a bathroom and told each one to count to 100 before coming out. All four attendants were put in fear of their lives.

Lapp robbed a Kalispell casino of $1,700. He robbed a Great Falls casino of $5,700. He robbed a Butte casino of $3,000. He robbed a Helena casino of $6,000. When his state probation officer searched his residence, the cash box from the Helena casino was found (along with cash and a check written to the

casino inside), as well as receipts from the casinos for beer or liquor, and Lapp's

.357 Ruger revolver, which loaded with six rounds of ammunition.

Lapp pleaded guilty to all four armed robberies, 18 U.S.C. § 1951, and two

of four counts of "Use of a Firearm During a Crime of Violence," 18 U.S.C.

§ 924(c)(1)(A)(ii) (the "brandishing counts"). Four counts were dismissed under

the plea agreement: two additional counts of Use of a Firearm During a Crime of

Violence, a Felon-in-Possession count, and a Possession of a Stolen Firearm

count. A thirty-two year mandatory minimum applied to the two counts of "Use of

a Firearm During a Crime of Violence" (to be served consecutively to the sentence

for the four armed robberies). Had Lapp pleaded guilty to all four brandishing

counts, he would have been subject to a 82 year mandatory minimum sentence

(and that sentence would have been consecutive to his sentence for the four armed

robberies).

Recognizing Defendant's high guideline range and consecutive thirty-two

year mandatory minimum sentence and feeling sympathy for some of the hardships

faced by this Defendant in his life, this Court overlooked Defendant's three escape

attempts prior to sentencing. However, the last escape plan was quite serious because Defendant attempted to recruit other individuals to commit additional robberies in Montana before fleeing the state.  (PSR ¶¶ 6-11.)  Despite Defendant's clear intention to repeat his offense conduct by committing more armed robberies, the Court nevertheless reduced Defendant's guideline range as to the four armed robbery counts, sentencing Defendant to a term of only eight years as to the four armed robbery counts.  Taking into account the mandatory thirty-two year consecutive sentence, Defendant's aggregate sentence was 40 years of imprisonment.

Defendant's 2255 Motion

In this second § 2255 Motion, Defendant-Movant relies upon the new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), violated the U.S. Constitution's guarantee of due process and is void for vagueness.  In what is called the "residual clause," the ACCA defined a "violent felony" to include an offense that "involves conduct that presents a serious

potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(b)(ii). Under

section 924(e)(1), the presence of three or more violent or controlled substance

felony convictions in a defendant's criminal history qualifies a defendant as an

armed career criminal for the purpose of establishing a mandatory minimum

sentence of fifteen years for section 922(g)[1] firearms convictions. Notably, section

922(g) firearms convictions have no element of violence or force, but are in the

nature of a status crime. However, the function of the ACCA is to impose a

mandatory minimum sentence of 15 years imprisonment for a status crime based

upon the prior three convictions for crimes of violence (or controlled substance

offenses).

Defendant Lapp, however, was not sentenced under the ACCA.

Defendant's argument that *Johnson* should be extended to apply to his brandishing

convictions is without merit. While it is true that the section 924(c)(3) definition

---

[1]    This statute criminalizes firearms shipment, transportation, or possession
in interstate commerce for (1) felons, (2) fugitives, (3) unlawful users of controlled
substances, (4) adjudicated mental defectives or commitments to institutions, (5)
unlawful aliens, (6) dishonorable discharges from the Armed Forces, (7) persons
who renounce their citizenship, (8) persons subject to restraining orders, and (9)
persons convicted of misdemeanor domestic violence. 18 U.S.C. § 922(g).

of a crime of violence is somewhat similar to the ACCA's definition of "crime of violence," it is not identical, and the Supreme Court has not held the section 924(c)(3) definition to be unconstitutional or applicable retroactively on collateral review. Notably, section 924(c) crimes such as the brandishing crime in Defendant Lapp's case, by definition pertain only to persons who commit "crime[s] of violence or drug trafficking crime[s] . . . [who] uses or carries a firearm..." during the crime of violence or drug trafficking crime. In other words, unlike the ACCA, Defendant Lapp's brandishing offense itself involved a crime of violence. His crime of violence was not a historical antecedent as in the ACCA, but the very offense conduct giving rise to charge, conviction, and sentencing that is again brought before this Court on collateral review.

The "crime of violence" definition that is applicable to Defendant Lapp's brandishing offenses is subsection 924(c)(3):

> For purposes of this subsection the term 'crime of violence' means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (B) that by its nature, involves substantial risk that physical

force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B). This definition is simpler than the ACCA's definition, and it has the additional benefit of being applied to the immediate offense of conviction, not to prior convictions.

Defendant also cites *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) (holding that Immigration and Nationality Act's definition of aggravated felony, 18 U.S.C. § 16(b), was unconstitutionally vague), *cert. granted*, 137 S.Ct. 31 (2016). However, there again, *Dimaya* does not have any direct bearing on the crime of violence definition that pertains to Defendant's firearms convictions, and the Supreme Court has not even decided the appeal before it in *Dimaya*.

Clearly, Defendant Lapp was convicted of a felony. Clearly, section 1951(a) punishes any person who "in any way or degree obstructs, delays, or affects commerce . . . by robbery . . . or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section." 18 U.S.C. § 1951(a). Hobbs Act robbery is further defined to mean

the unlawful taking or obtaining of personal property from the person
or in the presence of another, against his will, by means of actual or
threatened force, or violence, or fear of injury, immediate or future, to
his person or property, or property in his custody or possession, or the
person or property of a relative or member of his family or of anyone
in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

It has long been held in this circuit that an armed robbery under the Hobbs

Act is a crime of violence. *United States v. Mendez*, 992 F.2d 1488 (9th Cir. 1993)

(holding Hobbs Act conspiracy to interfere with interstate commerce by robbery is

categorically a crime of violence for purposes of the "Use of Firearm During a

Crime of Violence" statute, 18 U.S.C. § 924(c)(1)(A)). The defendants in *Mendez*

were arrested before a planned commission of robbery of an armored truck. They

had two revolvers, gloves, and other clothes that they were planning to use in the

robbery. However, they argued that since they hadn't committed the actual

robbery, no crime of violence had occurred. The circuit panel rejected that

argument because the object of the conspiracy was a crime that involved

"substantial risk that physical force may be used against a person or property in

the course of committing the offense." *Id.* at 1489. In fact, as the government

points out in its brief, "every circuit to address this issue has held that Hobbs Act robbery is a crime of violence within the meaning of § 924(c)(3)(A)." (ECF No. 46 at 15.)

A recent unpublished decision of the Ninth Circuit underscores the categorical nature of Hobbs Act robbery as a crime of violence by stating that "Hobbs Act robbery by means of 'fear of injury' also qualifies as a crime of violence." *United States v. Howard*, 650 F.Appx. 466, 468 (9th Cir. 2016), *as amended* (June 24, 2016) (unpublished). This is so because a Hobbs Act robbery requires an element of violence or force for its commission. *Id.*

In this case, Defendant contends that a Hobbs Act armed robbery does not qualify as a "crime of violence" under either the "force clause" or the "residual clause" of this statute. Defendant's argument is unpersuasive. Indeed, Lapp did brandish a weapon in all four armed robberies. The Court finds that Defendant's Hobbs Act robberies clearly fall within the definition of a "crime of violence" under section 924(c)(3), and that Lapp's arguments based upon *Johnson* and

*Dimaya*[2] are without merit.

Moreover, Defendant's motion is untimely because it is filed more than one year after his sentence became final. 28 U.S.C. § 2255(f). The motion is procedurally defaulted because Defendant failed to raise his claims on direct appeal, *United States v. Frady*, 456 U.S. 152, 165 (1982), and because he cannot establish cause for that failure or prejudice arising therefrom, and neither does he claim he is actually innocent, *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In addition, no Supreme Court decision provides him with a newly-recognized right that has been made retroactive to his case. 28 U.S.C. § 2255(f)(3). Current binding circuit precedent holds that Hobbs Act robbery is a crime of violence for purposes of Defendant's brandishing offenses of conviction, 18 U.S.C. § 924(c)(3). *Mendez*, 992 F.2d at 1491. Ultimately, Defendant has failed to bear his burden of establishing that this petition was timely filed or that his 2010

---

[2]    In *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), the plaintiff filed for review of a Board of Immigration Appeals decision that he was removable because his conviction for first-degree residential burglary was a crime of violence and therefore an aggravated felony under 18 U.S.C. § 16(b). The circuit panel relied upon *Johnson* in reviewing the "crime of violence" clause in section 16(b), ultimately deciding that it was constitutionally vague. However, *Dimaya* was a direct appeal, not a collateral attack on sentence.

conviction and sentence were tainted by constitutional error.

Accordingly,

IT IS HEREBY ORDERED that Defendant's "Motion To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (ECF No. 40) is DENIED.   Let judgment enter.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED because Defendant has not made a substantial showing of the denial of a constitutional right.

The Clerk is directed forthwith to notify counsel of entry of this order.

DATED this 14th day of February, 2018.


_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE