IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM MICHAEL LAPP, JR.,<br><br>Defendant. | Cause No. CR 10-09-H-BMM<br><br>**ORDER** |

## BACKGROUND

William Michael Lapp, Jr. moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 55.) Lapp is currently serving a sentence of 96 months for robbery affecting commerce (Counts I, III, V, and VII), each term to run concurrently, 84 months for use of a firearm during a crime of violence (Count II), to be run consecutively to the sentence for Counts I, III, V, and VII, and 300 months for use of a firearm during a crime of violence (Count IV), to be run consecutively with the sentences for Count II, for total sentence of 480 months. (Doc. 21.) Lapp has served approximately 128 months of his sentence. (Doc. 55 at 2.) Lapp's scheduled release date is October 9, 2044. *See* Inmate Locator, www.bop.gov/inmateloc (accessed July 12, 2022).

Lapp is currently incarcerated at Butner II FCI. *Id.* Butner II FCI is operating

1

at a Level 3 Modified Operational Level as a result of a nationwide surge of COVID-19 cases resulting from the Omicron variant. *See* Modified Operational Levels, www.bop.gov/coronavirus/ (accessed July 12, 2022). Butner II FCI has 1 inmate and 0 staff members currently dealing with COVID-19 and has had 348 inmate and 83 staff member COVID-19 cases throughout the course of the pandemic. *See* COVID-19 Cases, www.bop.gov/coronavirus/ (accessed July 12, 2022).

## I. Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Stephens's motion.

Where, as here, a motion for a sentence reduction is well taken, the Court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant

alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); Brown, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]." *Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted only upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582." (emphasis in original)); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). The *Aruda* decision makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's

5

Policy Statement Application Notes. *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021); *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Stephens's sentence.

## II. Whether Lapp has Demonstrated Extraordinary and Compelling Reasons

Despite this Court's determination that it has discretion to provide relief, Lapp still must demonstrate that extraordinary and compelling reasons support a reduction of his sentence. *Maumau*, 2020 WL 806121, at *5. Lapp has cited in support of his motion the COVID-19 pandemic, the passage of the First Step Act and its elimination of the stacking requirement for the firearm charges under § 924(c), and the document evidence of his rehabilitation while incarcerated. (Doc. 61 at 11-14.)

The Ninth Circuit admittedly has not yet determined whether the length of a

defendant's sentence, combined with the fact that his sentence would be significantly shorter today given the First Step Act's elimination of sentence-stacking under § 924(c), qualifies as an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A). Numerous other circuits have addressed the issue of whether the changes to § 924(c), or the First Step Act's reduction of mandatory sentences in 21 U.S.C. § 841(b), qualify as extraordinary and compelling reasons to support a reduction in sentence. The Fourth Circuit in *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020), concluded that district courts "treat[] as 'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act." The Tenth Circuit also permits district courts to grant compassionate release based, in part, on the changes to 28 U.S.C. § 841(b). *United States v. McGee*, 992 F.3d 1035, 1047-48 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). The Second Circuit agrees. *United States v. Zullo*, 976 F.3d 228, 237-38 (2nd Cir. 2020).

The Seventh Circuit stands alone as having "squarely and definitively" rejected the notion that the First Step Act's "change to § 924(c) can constitute an extraordinary and compelling reason for a sentence reduction." *United States v. Thacker*, 4 F.4th 569, 2021 WL 2979530 at *6 (7th Cir. July 15, 2021). The Sixth Circuit appears to be split on the issue. Compare *United States v. Owen*, 996 F.3d

755, 764 (6th Cir. 2021) ("in making a . . . determination about whether extraordinary reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would have received if the First Step Act applied") with *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021)(holding that the First Step Act's changes to § 924(c) cannot constitute an extraordinary and compelling reason for compassionate release). The Fifth Circuit has yet to weigh in on the issue. *United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021) ("We leave for the district court to consider, in the first instance, whether the nonretroactive sentencing changes to his § 924(c) convictions . . . constitute extraordinary and compelling reasons for a sentence reduction.").

The Court determines that extraordinary and compelling reasons exist to reduce Lapp's sentence, but not to grant Lapp's motion for compassionate release effective immediately. The Court determines that Lapp has not demonstrated an extraordinary and compelling need for his immediate release with respect to his arguments regarding his eligibility for a life sentence under § 851, Amendment 782. Due to the extraordinary and compelling reasons argued by Lapp, however, the Court will reduce Lapp's sentence to 270 months. .

Reducing Lapp's sentence to 270 months comports with the 3553(a) sentencing factors. Lapp has a criminal history category five and a total offense level

of 23. (Doc. 19.) Lapp had two prior felony convictions and has attempted to escape custody multiple times (Doc. 13.) Lapp's reduced sentence has an upward variance compared to sentences the Court has given to defendants of similar crimes. Lapp's relatively high criminal history category, total offense level, and the high number of counts to which Lapp pleaded guilty justifies this upward variance. *See, e.g.*, *United States v. Baker*, 4:13-cr-00010-BMM, Doc. 30, (67 months); *United States v. Gobert*, 4:14-cr-00063-BMM, Doc. 48, (60 months); *United States v. Lambert*, 4:19-cr-00008-BMM, Doc. (121 months); *United States v. Wing*, 4:21-cr-00016-BMM, Doc. 6, (78 months).

Accordingly, **IT IS ORDERED**:

Lapp's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED, IN PART, AND DENIED, IN PART**. The Court reduces Lapp's sentence to 270 months.

DATED this 2nd day of August, 2022.

_____
Brian Morris, Chief District Judge
United States District Court